UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
E.M., AN INFANT, BY ASIRUS
MA'AT, HIS FATHER AND NATURAL
GUARDIAN,

              Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT
OF EDUCATION,

              Defendant.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 03 2011 ★

BROOKLYN OFFICE

**REPORT &
RECOMMENDATION**

10 CV 4579 (JBW)

On September 30, 2010, Asirus Ma'at[1], proceeding pro se on behalf of his son, E.M., brought this action against defendant City of New York Department of Education ("DOE" or "the Department"), alleging "Severe, Prolonged, and Consistent violations of his Son's Civil and Constitutional Rights; by the New York City Public School System." (Compl.[2] at 1). The Court held an initial conference on February 1, 2011, at which the Court informed Mr. Ma'at that, as a non-lawyer, he would not be able to represent his son. The Court granted Mr. Ma'at 60 days to amend his Complaint or obtain representation for his son.

On April 21, 2011, the Court granted Mr. Ma'at an additional 21 days to obtain counsel and extended his time to file an Amended Complaint until May 13, 2011. On June 2, 2011, Mr. Ma'at faxed a document to the Court which appears to request to withdraw the Complaint without prejudice. By Order dated June 16, 2011, the district court referred the request to the undersigned for a Report and Recommendation. Defendant indicated its consent to Mr. Ma'at's

---

[1] Although the Complaint lists Mr. Ma'at's name as "Asirus Ma'at," plaintiff's most recent affidavit lists his name as "Asirus Ma'at El." For the sake of consistency, the Court will use the name given in the Complaint.

[2] Citations to "Compl." refer to the Complaint, which was filed on September 30, 2010.



request by letter dated July 5, 2011.

The Court respectfully recommends that plaintiff's motion to withdraw the Complaint without prejudice be granted.

## DISCUSSION

On September 30, 2010, Asirus Ma'at, proceeding without counsel, filed this action on behalf of his son, E.M., an infant, against the City of New York Department of Education. Plaintiff alleges, inter alia, that E.M. was "**repeatedly**, severely, and consistently denied (**due process**) with regard to his (Educational and Constitutional) rights and needs." (Compl. at 1). Moreover, plaintiff alleges, through his father, that he "was consistently exposed to a (dangerous classroom environment:) As he had to endure (**physical attacks**; threats; and psychological abuse:) in the course of pursuing his educational needs . . . ." (Id.) The Complaint further alleges that this abuse and denial of the infant plaintiff's rights was "a direct result of Fathers (**Cultural; Historical; and Philosophical Perspectives;**)."[3] (Id.)

The Court held a status conference on February 1, 2011, at which time the Court informed Mr. Ma'at that he would need to obtain a lawyer to represent his infant son before the case could proceed further. After Mr. Ma'at indicated that he was planning on amending his Complaint to include his own claims, the Court gave Mr. Ma'at 60 days to obtain a lawyer for his son and/or amend his Complaint to bring claims on behalf of himself.

As the Court explained at the conference, "[a]lthough litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit 'unlicensed laymen to represent anyone other than themselves.'" KLA v. Windham Southeast

---

[3] In the portions of the Complaint and the affidavit of Mr. Ma'at quoted herein, the Court has made no changes to the spelling, punctuation, or emphasis in the original.

Supervisory Union, 348 Fed. Appx. 604, 605-06 (2d Cir. 2009) (quoting Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007)). This prohibition has been extended to include parents who wish to represent their children. See id.; Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284-85 (2d Cir. 2005); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990).

On April 21, 2011, the Court issued an Order giving Mr. Ma'at an additional 21 days to either amend his Complaint or obtain representation for his son. The Court alerted Mr. Ma'at that failure to obtain representation for his son or amend his Complaint to bring his own claims would result in a recommendation that the Complaint be dismissed.

In his affidavit seeking to withdraw the Complaint,[4] Mr. Ma'at represents that: "[w]e state for the Record - that we are with drawing [sic] this Complaint (at this time - Without prejudice)." (Pl.'s Aff.[5] at 2). There appear to be two reasons for Mr. Ma'at's withdrawal: "(1) Plaintiffs: 'lack the economic resources' or means to hire council.') (2) Attorney's reluctance to take on the case)." (Id. at 1). However, Mr. Ma'at continues to express his objection to the fact that he is not permitted to represent his son:

> Due to Plaintiffs; Inability to attain council: (Plaintiff s has elected to litigate on his own and his Siblings behalf Pro-se: As plaintiff is familiar with the most intimate details of this matter: Plaintiff's Asserts his right as published Author on Constitutional law - as the only remedy available due to the fact that the council that plaintiff s sought has refuse to take on this matter: which has left plaintiff s with no other remedy than to pursue Pro-se means: The primary legal action

---

[4]Mr. Ma'at also makes a number of references to the safety of his child, citing the "Declaration of the International Rights of the Child," and asking why the Court has not inquired after the child's safety. (Pl.'s Aff. at 1-2).

[5]Citations to "Pl.'s Aff." refer to Plaintiff's Affidavit, which was submitted to the Court on June 2, 2011, and filed electronically on June 16, 2011.

3

> should be the protection of defenseless children: We have encountered on behalf of American society a tremendous amount of bias: coming from major Institutions: (Can't you look at Nature and see that Devine Law - is Guaranteed to each one of us - We will depart this physical world with nothing - other than the limbs - with which we have been taken from our mothers Womb.

(Id. at 2). As noted, the Second Circuit has held that parents may not represent their minor children in federal court without an attorney. (See discussion supra at 2-3). At this time, it does not appear that Mr. Ma'at has filed an application for the appointment of pro bono counsel to represent E.M., and the Court expresses no opinion on the likelihood of success in finding an attorney.

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without a court order by filing a notice of dismissal before either an answer or motion summary judgment motion has been filed. Fed. R. Civ. P. 41(a)(1)(A)(i). Parties may also voluntarily dismiss their cases if they produce "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, if neither of the above rules applies, a request for a voluntary dismissal "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"Courts may allow voluntarily dismissal 'if the defendant will not be prejudiced thereby.'" Krulls v. CIRG, Inc., No. 09 CV 0806, 2011 WL 2470471, at *1 (N.D.N.Y. June 20, 2011) (quoting Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985)). The Second Circuit has established a number of factors to consider when assessing a voluntary dismissal, "including 'the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of

plaintiff's explanation for the need to dismiss.'" Id. (quoting Zagana v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

Here, defendant's consent to the voluntary dismissal indicates defendant's own determination that no undue prejudice will result if the Complaint is voluntarily dismissed. Upon reviewing the factors outlined above, the Court concurs. Given that Mr. Ma'at is proceeding pro se, and given his efforts to obtain an attorney for his son, the Court finds that plaintiff's request for a voluntary dismissal was both diligent and in good faith. The case has not progressed even to the discovery stage, meaning that defendant has expended little effort and expense to prepare for trial; thus, relitigation in the event the action should be refiled, would not be duplicative. Accordingly, the Court respectfully recommends that plaintiff's motion to voluntarily dismiss his claim without prejudice be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 5, 2011

Cheryl L. Pollak
United States Magistrate Judge

No objection having been made, the report is approved and the case is marked closed. JW 8/1/11